FILED
2012 Aug-27  PM 05:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) Case No.: 4:11-CV-3694-VEH |
| v. | ) ) |
| BRANDON AYERS, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

THIS CAUSE is before the court on Plaintiff Admiral Insurance Co.'s ("Admiral") Motion for a Default Judgment (Doc. 24) against Defendant Brandon Ayers ("Ayers").[1] This court has subject matter jurisdiction under 28 U.S.C. §§ 1332 & 2201. For the following reasons, Admiral's motion is due to be **GRANTED**.

**I. Facts and Procedural History**

In 2010, Ledbetter Enterprises, LLC sold several hundred camper trailers to

---

[1] This action previously included two other Defendants, Ledbetter Enterprises, LLC and Reliance Remarketing LLC. The court granted the Plaintiff's Motion for Pro Tanto Dismissal Without Prejudice (Doc. 22) as to these two Defendants on August 15, 2012.

Reliance Remarketing, LLC.  Ayers worked for Ledbetter Enterprises.  (Doc. 9 at 3.) In February 2011, he negligently or wantonly caused a fire which damaged or destroyed 277 of Reliance's trailers.  (Doc. 9-2 at 4.)

Ledbetter Enterprises has a general commercial liability policy with Admiral.  The policy covers property damage (Doc. 9-1 at 8), but only at a specific location in Port Allen, Louisiana (Doc. 9-1 at 26).

After Ayers damaged the trailers, Reliance sued him and Ledbetter Enterprises in state court in Etowah County, Alabama.  (Doc. 9-2.)  Admiral initially defended Ayers and Ledbetter Enterprises under a reservation of rights.  (Doc. 9 at 4.)  Admiral then brought this suit seeking a declaration that it has no duty to defend, indemnify, or pay judgment for Ayers for the damage to Reliance's trailers.  (Doc. 9 at 5.)

Admiral filed its Complaint against Ayers on October 21, 2011.  It timely served Ayers on October 24, 2011.  (Doc. 7 at 1.)  On October 25, Admiral amended its Complaint and that same day served Ayers via certified mail pursuant to Fed. R. Civ. P. 5.  (Doc. 24 at 2.)  Ayers failed to appear or defend this action, and the clerk entered a default against him on November 22, 2011. (Doc. 15.)  Admiral submitted its Motion for a Default Judgment on August 15, 2012.  (Doc. 24.)

**II. Default Judgment Standard**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).  However, entry of default under Rule 55(a) does not entitle a party to his requested relief.  Either the clerk or the Court must enter a default judgment under Rule 55(b).  Here, the Court, and not the clerk, acts pursuant to Rule 55(b)(2).

The clerk's entry of default does not automatically entitle a plaintiff to judgment.  "There must be a sufficient basis in the pleadings for the judgment entered. The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.  In short, a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *E Beats Music v. Andrews*, 433 F. Supp. 2d 1322, 1325 (M.D.Ga. 2006) (citations omitted).

### III. Discussion

After reviewing the Complaint, the court concludes that a legal basis exists to support Admiral's claim for a declaratory judgment.  In Alabama, "courts must enforce insurance contracts as written . . . ." *St. Paul Mercury Ins. Co. v. Chilton-Shelby Mental Health Ctr.*, 595 So. 2d 1375, 1377 (Ala. 1992).  The Amended Complaint incorporates the relevant insurance contract, which only covers damage

at a specific location in Port Allen, Louisiana.  (Doc. 9 at 4 n.1; Doc. 9-1 at 26.) The damage to Reliance's trailers occurred in Lumberton, Mississippi. (Doc. 9 at 3.)  Because the insurance contract, by its terms, does not apply to the fire in Mississippi, it is clear from the Amended Complaint that Admiral has no duty to indemnify, defend, or pay judgment for Ayers in the Etowah County lawsuit.

## IV. Conclusion

For the foregoing reasons, Admiral's Motion for a Default Judgment is due to be **GRANTED**, and a **DECLARATORY JUDGMENT** is due to be entered in favor of Admiral and against Ayers.

**DONE** and **ORDERED** this the 25th day of August, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge